**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| Valier | Civil Action No. 15-2306 |
| versus | Judge Rebecca F. Doherty |
| Baldwin, et al | Magistrate Judge Carol B. Whitehurst |

# ORDER

Currently pending before this Court is Gerald Minor, former Chief of Baldwin Police Department, and the Town of Baldwin's ("Defendants ") unopposed[1] Motion To Dismiss *pro se* Plaintiff, Ronald J. Valier's ("Valier"), claims against them [Rec. Doc. 14]. For the following reasons, the undersigned will stay its ruling in order to allow Plaintiff to amend his Complaint within fourteen (14) days of the date of the entry of this Order.

Plaintiff filed this action on August 28, 2016 against the Town of Baldwin, the Police Department of Baldwin, and Gerald Minor. Plaintiff alleges that Defendants failed to protect him from an act of violence by Hatcherson. Plaintiff also alleges Defendants knew or should have known of Hatcherson's propensity for violence based on the following alleged events: (1) Plaintiff and/or Zuri's previous complaints about Hatcherson, including one which lead to his conviction; (2) the decades-long feud between the families of Plaintiff and Hatcherson; and (3) previous response to an incident in which Hatcherson threatened to harm himself while armed with two pistols.

[1] Under Local Rule 7.5, a party's failure to file a response to a motion within the time allowed for (21 days) is construed as non-opposition to the motion. Any opposition to Defendant's motion was due by April 4, 2016 (21 days + 3 day "mailbox rule").

In their Motion To Dismiss, Defendants argue that Plaintiff fails to allege any actions taken by Defendants which created the alleged dangerous environment and that the Constitution imposes no duty on a state actor to protect an individual against private violence. The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. In general, local governments are under no duty to provide protective services: "[T]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual ... [Thus,] a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs*., 489 U.S. 189, 195 (1989). "There is a recognized substantive due process right for individuals to be free from bodily harm caused by the state, but as a general rule, there is no constitutional duty that requires state officials to protect persons from private harms." *Kovacic v. Villarreal*, 628 F.3d 209, 213 (5th Cir.2010) (citing *DeShaney*, 489 U.S. at 195).

Defendants further argue that Plaintiff alleges no facts to suggest that an official policy lead to the shooting by Hatcherson. Plaintiff names the Town of Baldwin, the Baldwin Police Department and Gerald Minor, in his official capacity as former Chief of Police for the Town of Baldwin. An official capacity suit is the equivalent of a suit against the governmental entity of which the officer is an agent. *Burge v. St. Tammany Parish*, 187 F.3d 452, 466 (5th Cir. 1999). It is well established that governmental liability under § 1983 must

be premised on a government policy or custom that causes the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Turner v. Houma Mun. Fire & Police Civ. Serv. Bd.*, 229 F.3d 478, 483 n. 10 (5th Cir. 2000). The Fifth Circuit defines an "official policy" for the purposes of § 1983 as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the government entity or by an official to whom the entity has delegated policy-making authority; or
>
> 2. A persistent, widespread practice of officials or employees which although not authorized by officially adopted and promulgated policy is so common and well-settled as to constitute a custom that fairly represents the entity's policy.

*Cozzo v. Tangipahoa Par. Council*, 279 F.3d 273, 289 (5th Cir. 2002).

It is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights. *Board of Cnty. Comm'nrs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997).

Considering Plaintiff's *pro se* status and the deficiencies of his complaint, the Court finds it appropriate to allow Plaintiff the opportunity to amend his complaint to address the issues raised by the Defendants' motion to dismiss. Because this case is still at an early stage in the proceedings, the Court finds that granting Plaintiff leave to amend will not cause Defendants any prejudice. Pursuant to Federal Rule of Civil Procedure 15(a), which provides that the Court should freely grant leave to amend "when justice so requires," the Court finds justice requires that Plaintiff be allowed to amend his complaint in light of the foregoing jurisprudence.

Accordingly,

**IT IS ORDERED** that within **fourteen (14) days** of the date of the entry of this Order, Plaintiff may seek leave to amend his Complaint to cure the deficiencies as provided in the foregoing analysis.

**THUS DONE AND SIGNED** this 14th day of April, 2016.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**